Rogers, J.
It would be useless to decide whether this action is \yithin the provisions of the statement law of 1806, as the court are clearly of the opinion that the instrument of writing on which the suit is brought is not assignable, so as to enable the plaintiffs to sustain a suit in their own names. It is neither payable to order nor assigns, within the words and intent of the act of the 28th of May, 1715.
This suit is brought upon a sealed letter of credit, in the words following:
“ Hartford, December 12, 1822.
“ To any gentleman in the city of New York.
“ Lewis C. Aldricks, a young man living in this place, having a desire to enter into trade in a small way, and feeling ourselves confident of his well managing the business, we here offer ourselves in security to any gentleman who may feel disposed to give him credit not exceeding seven hundred dollars, to be bound and held firmly by this writing, to pay the said sum of seven hundred dollars, or any sum less, as the said Lewis C. Aldricks may think proper to contract. In witness whereof we have hereunto set our hands and seals. David Aldricks.

John Kingsley.

Freeman Peck.”

On the faith of this letter Michael D. Higgins, and Henry Dayton, credited Aldricks at two several times; viz. on the 3d of May, 1823, and the 17th of December, 1823, for goods, wares, and merchandize, amounting, with interest, to two hundred and seventy-six dollars and sixty-three cents; for which they recovered a judgment against Aldricks.
On the trial, the jury gave a verdict for that amount against Aldricks, Kingsley, and Peck, with the costs of the suit against Lewis C. Aldricks.
The construction of this letter of credit,-is the important part of the case. It was intended as an introduction to business in New York, for Aldricks; binding the signers in an amount not exceeding seven hundred dollars. It can hardly be supposed that they intended a credit, unlimited in time, for that amount. It would, I think, be unreasonable to give the letter of credit that construction. The principle of this case was fully,considered by the Supreme Court of New York, in Teneyeke v. Vanderpool, 8 Johns. Rep. 120 to which I accede.
It results from this, that the defendants would be liable only for the goods which were first furnished by the plaintiffs, on the faith of the letter of credit.
Judgment reversed, and a venire facias de novo awarded.